UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVEREST REINSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:24-CV-0756-X |
| BRADLEY COX, COX OIL LLC, and COX INVESTMENT PARTNERS LP., | § § § | |
| *Defendants.* | § § | |

## MEMORANDUM ORDER AND OPINION

Before the Court are plaintiff Everest Reinsurance Company's (Everest) motion for a preliminary injunction (Doc. 61) and defendant Bradley Cox's motion for an extension of time to respond to Everest's motion (Doc. 73). Having reviewed the motion and applicable law, the Court **DENIES** Everest's motion for a preliminary injunction and **FINDS AS MOOT** Cox's request for an extension.

## I. Background

This case deals with eight surety bonds, totaling $38 million, that Everest issued to Cox's oil and gas companies, MLCJR, LLC, Energy XXI GOM, LLC, and EPL Oil & Gas, LLC. These bonds comprised a suretyship, through which the surety—here, Everest—guaranteed the oil and gas operators' obligations to the owners of the wells or of the land on which they operate.

In a suretyship, if a principal fails to fulfill its obligations to the landowners or owners of the wells, the surety will perform the principal's obligations, though the

1

surety's liability is limited by the amount of the bonds. And if the surety performs for the principal, the principal and any additional indemnitors must reimburse the surety for any losses or expenses incurred.

In 2018, the oil and gas operators bought the bonds from Everest and MLCJR, LLC, Cox Oil Offshore, LLC, and Cox Operating LLC agreed to indemnify the bond agreement. A few years later, the parties amended the indemnity agreement to include Cox himself as an indemnitor. Cox disputes the validity of this amendment and claims it is unenforceable.

Fourteen months after filing suit, Everest now asks the Court to enter a preliminary injunction requiring Cox to post $27,800,000 in collateral and submit to a books and records review. Everest notes in its motion that one of Cox's companies involved in this case, MLCJR, LLC, has filed for bankruptcy, and that other of Cox's companies' business prospects are on a "downward trajectory."[1] And Everest claims the timing of its motion is due to new claims on the underlying bonds that caused Everest to increase its reserves to the amount it now seeks from Cox.

## II. Legal Standard

Preliminary injunctions serve to preserve the status quo and prevent irreparable harm to the movant so the court can "render a meaningful decision after a trial on the merits."[2] But "the key word is *irreparable*."[3] Preliminary injunctions

---

[1] Doc. 62 at 2.

[2] *Canal Auth. of Fla. V. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

[3] *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecutoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (cleaned up).

are proper only where an injury cannot be remedied with monetary relief.[4]  "[T]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."[5]  Preliminary injunctions are "an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion."[6]

A movant must satisfy four elements to warrant "the extraordinary relief of preliminary injunction."[7]  Those are: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest."[8]

## III.   Analysis

"Mandatory preliminary relief, which goes well beyond simply maintaining the status quo . . . , is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."[9]  And the elements here do not clearly favor Everest.

---

[4] *Id.* at 472–73.

[5] *Id.* (cleaned up).

[6] *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (cleaned up).

[7] *Canal Auth. of Fla.*, 489 F.2d at 572.

[8] *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 20 (2008).

[9] *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

The first element requires the movant to show a substantial likelihood of success on the merits. "To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment."[10] Everest's claims may well prevail at the summary judgment stage, but the parties contest whether the amendment adding Cox as an indemnitor is valid. If this element weighs in Everest's favor, it is only slightly.

The second element—irreparable harm—weighs strongly against Everest's motion. "[T]he central purpose of a preliminary injunction . . . is to prevent irreparable harm. It is the threat of harm that cannot be undone which authorizes exercise of this equitable power to enjoin before the merits are fully determined."[11] "Thus only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction."[12] That is to say, an "injury is 'irreparable' only if it cannot be undone through monetary remedies."[13]

Everest relies on two New York state court cases to argue that a surety's harm is irreparable when an indemnitor fails to post collateral, because the surety essentially becomes an unsecured creditor.[14] But the standard for granting a

---

[10] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

[11] *Parks v. Dunlop*, 517 F.2d 785, 787 (5th Cir. 1975).

[12] *Canal Auth.*, 489 F.2d at 573.

[13] *Enterprise Int'l, Inc.*, 762 F.2d at 464 (cleaned up).

[14] Doc. 62 at 12 (citing *Colonial Surety Co. v. Eastland Constr., Inc.*, 2009 WL 2440307 (Sup. Ct. N.Y. Cnty. July 30, 2009) and *Nat'l Surety Corp. v. Titan Constr. Corp.*, 26 N.Y.S.2d 227, 230 (Sup. Ct. N.Y. Cnty. 1940), *aff'd* 260 A.D. 911 (N.Y. App. Div. 1940)).

preliminary injunction is a procedural matter, so the Federal Rules of Civil Procedure control, not state law.[15]

The Fifth Circuit has yet to speak on whether an indemnitor's failure to comply with a collateralization obligation constitutes irreparable harm for a surety,[16] and Everest has provided no evidence in its complaint or its motion that post-judgment monetary damages would be insufficient. While Everest does state in its motion that a non-defendant indemnitor has filed for bankruptcy, Everest has not established that Cox is insolvent or likely to "dissipate or transfer assets needed to pay a later judgment."[17] Nor has Everest established that its own existence will be threatened if forced to wait on a merits determination.[18] Therefore, the second element cuts against Everest's motion.

When considering the third element, the Court weighs the harm Everest faces without an injunction to the harm such injunction would cause Cox.[19] In a case like this, in which Everest asks the Court to order Cox to specifically perform under the

---

[15] *See, e.g., Travelhost, Inc. v. Figg*, 2011 WL 6009096, at *2, n.5 (N.D. Tex. Nov. 22. 2011) ( Fitzwater, J.) ("Although [Plaintiff] cites the Texas state-law standard for deciding whether a temporary injunction is warranted, a federal court sitting in diversity applies the federal standard for determining whether preliminary injunction should be granted.") (collecting cases).

[16] *See Gray Cas. & Surety Co. v. 3i Cont., LLC*, 2024 WL 1121800, at *10 (N.D. Tex. Mar. 13, 2024) (Lindsay, J.) (noting the lack of guidance from the Fifth Circuit on this particular question).

[17] *Id.*

[18] *Atwood v. Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989) (noting that "an exception exists" to the rule that monetary harm is insufficient to warrant injunctive relief "where the potential economic loss is so great as to threaten the existence of the movant's business").

[19] *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief" (cleaned up)).

contract, rather than merely maintaining the status quo, Everest carries a heavy burden. Everest asks the Court to order Cox to post $27,800,000 in collateral.

If Everest is right and its claims prevail, its harm will be remedied completely, based on the evidence it has presented the Court. But if Cox is right and Everest's claims fail, this preliminary injunction would require him to personally post tens of millions of dollars. Everest argues Cox will receive a windfall if the Court denies its injunction because Cox benefitted from Everest agreeing to extend the bonds but now refuses to indemnify those bonds as he promised. But this potential problem can be fully remedied at the merits stage. If Everest were right, then every party that obtains a final judgment should have been entitled to a preliminary injunction. This element weighs against Everest as well.

Finally, the Court examines the effect of Everest's request on the public interest. While Everest is right that the public has an interest in freedom of contract and contracts' enforcement, these interests will be served by considering Everest's claims at the merits stage. Everest asks the Court to enforce terms against Cox before it knows whether such terms are enforceable, which the public interest in freedom of contract does not require. And if Cox is indeed obligated to post the sought collateral under the contract, he will be required to do so at the merits stage. That is no "free pass," as Everest claims.[20]

Because Everest fails to meet the high burden required for mandatory preliminary relief, the Court **DENIES** Everest's requested preliminary injunction.

---

[20] Doc. 62 at 14.

### IV. Conclusion

Preliminary injunctions are extraordinary relief. Everest fails to meet the standard to warrant such relief. The Court **DENIES** Everest's motion for a preliminary injunction, and therefore **FINDS AS MOOT** Cox's request for an extension of time to respond.

**IT IS SO ORDERED** this 28th day of May, 2025.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE