IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVEREST REINSURANCE COMPANY, | § § § | |
| Plaintiff, | § | No. 3:24-cv-756-X |
| | § | |
| V. | § § | |
| BRADLEY COX, COX OIL LLC, and COX INVESTMENT PARTNERS LP., | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Through an Opposed Motion to Exclude Undisclosed Documents and Testimony of Undisclosed Witnesses [Dkt. No. 134], Defendant Bradley Cox asserts that Plaintiff Everest Reinsurance Company violated Federal Rules of Civil Procedure 26(a)(1) and 26(a)(2) by failing to disclose individuals likely to have discoverable information, failing to disclose documents it may use to support its claims, failing to produce documents on which its computation of damages was based, failing to ever supplement its initial disclosures, and failing to ever disclose any expert witness.

Cox requests that the Court, under Federal Rule of Civil Procedure 37(c)(1) and 26(g)(3), order that Everest "is not allowed to use" any of certain specified documents, information, and witnesses "to supply evidence on a motion, at a hearing, or at a trial" and order Everest and its counsel, Connor Cantrell, and the Hustead Law Firm to pay a total of $51,600.00 to Bradley Cox for certain attorneys'

-1-

fees that he has incurred.

Everest filed a response, *see* Dkt. No. 144, and Cox filed a reply, *see* Dkt. No. 149.

United States District Judge Brantley Starr has referred this motion to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 147.

The undersigned has authority to enter a nondispositive order granting attorneys' fees or other nondispositive sanctions under Federal Rule of Civil Procedure 37 or denying a request for what might be considered a dispositive sanction. *See* 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37); *Siegel v. Compass Bank*, No. 3:18-cv-1023-X, 2021 WL 4498914, at *1 (N.D. Tex. Jan. 11, 2021) ("To determine whether a referred motion for sanctions is dispositive or non-dispositive, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies. To allow otherwise would permit the party seeking sanctions to engage in a game of labels that would improperly dictate the standard of review." (cleaned up)); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the

-2-

determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge) (followed in *Green Hills Dev. Co., LLC v. Credit Union Liquidity Servs., LLC*, No. 3:11-cv-1885-L-BN, Dkt. No. 373 at 2 (N.D. Tex. Dec. 1, 2016)). And excluding witnesses or damages evidence is not a dispositive (or "litigation-ending") sanction. *Cf. King v. King*, 117 F.4th 301, 307 n.2 (5th Cir. 2024)

For the reasons and to the extent explained below, the Court grants in part and denies in part Defendant Bradley Cox's Opposed Motion to Exclude Undisclosed Documents and Testimony of Undisclosed Witnesses [Dkt. No. 134].

## Background

The parties and the Court are familiar with the background of this case, and, so, the Court will not repeat it here but rather will provide some basic, relevant procedural history. See Dkt. No. 75 at 1-2; 127 at 2-3.

Everest served its Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) on November 15, 2024. *See* Dkt. No. 146-2.

Everest later filed a Motion for Sanctions against Defendant Bradley Cox Pursuant to Fed. R. Civ. P. 37. *See* Dkt. No. 104. After the motion was fully briefed and conducting a hearing, Judge Starr granted the motion in part and denied it in part. *See* Dkt. No. 127.

And Cox filed a Motion to Dismiss for Lack of Jurisdiction. *See* Dkt. No. 121.

After the motion was fully briefed, Judge Starr denied the motion, explaining: "Defendants' motion to dismiss argues that the citizenship allegations in this diversity case are insufficient to invoke the Court's jurisdiction and makes a variety of other arguments about what they think Everest Reinsurance Co. will be unable to prove. As the response from Everest makes clear, discovery in this case shows that Cox Investment LP and Cox Oil LLC are citizens of Texas for purposes of diversity. Accordingly, the Court has jurisdiction. Because the Court has jurisdiction, the defendants' remaining arguments about what Everest will be unable to prove are immaterial." Dkt. No. 148.

## Cox's "Preliminary Statement"

Cox's brief in support of his Opposed Motion to Exclude Undisclosed Documents and Testimony of Undisclosed Witnesses begins with a "Preliminary Statement" that attacks Everest's briefing and exhibits in support of its Motion for Sanctions against Defendant Bradley Cox Pursuant to Fed. R. Civ. P. 37 [Dkt. No. 104]. *See* Dkt. No. 135 at 1-3.

Everest's sanctions motion was fully briefed, subject to a hearing, and decided by Judge Starr weeks before Cox filed his Opposed Motion to Exclude Undisclosed Documents and Testimony of Undisclosed Witnesses. *See, e.g.*, Dkt. Nos. 125 & 127.

In his brief in support of that now-pending sanctions motion, Cox

- describes Everest's brief in support of its now-resolved Motion for Sanctions against Defendant Bradley Cox Pursuant to Fed. R. Civ. P. 37 [Dkt. No. 104] as "a desperate attempt to prevent this Honorable

> Court from ever discovering the testimonial evidence offered by Craig
> Sanders – the operative statements of which are statements against
> Craig Sanders' own interest – and by Bradley Cox";
>
> - opines that, "[i]n of the magnitude of Everest Reinsurance's sins, … the
>   entirely unjustified outrage Everest Reinsurance's counsel expresses
>   through the following reality-distorting hyperbole in the brief
>   accompanying [Everest's] motion for sanctions, as well as the sanctions
>   sought therein, are best characterized as 'rich'"; and
> - declares that "Everest Reinsurance's motion for sanctions was
>   intended to perpetrate fraud and effectuate profound injustice."

Dkt. No. 135 at 1-3.

Cox then opines and explains:

> If justice was hard and pure, and untempered by mercy, Everest
> Reinsurance would, like Maximillien de Robespierre, deserve to suffer
> the same fate to which Everest Reinsurance and its counsel asserted
> Bradley Cox should be subjected. Fortunately for Everest Reinsurance,
> the undersigned counsel for Bradley Cox is knowledgeable about
> procedural matters, and mindful of his ethical obligations to candidly
> disclose authority he knows which, under the present circumstances, is
> directly adverse to the position of Bradley Cox, to this Honorable
> Court, and which counsel for Everest Reinsurance either did not know
> or unethically failed to disclose to this Honorable Court.
>
> The truth is, the Red Queen's, I mean, Everest Reinsurance
> counsel's screeching demand to the effect that this Honorable Court
> "must strike Cox's May 29, 2025 Answer" was never even a sanction
> available under the applicable procedural rule, Rule 37(c), because this
> Honorable Court had not previously entered an order concerning the
> subject matter which Bradley Cox or his counsel failed to obey, nor is
> such sanction available with respect to the far greater sins of Everest
> Reinsurance and its counsel, described *infra*.

Dkt. No. 135 at 3 (footnote and emphasis in original omitted).

It is hard to know what to do with that.

But Everest's sanctions motion [Dkt. No. 104] has already been resolved, and

so the undersigned determines that it is best to leave Cox's "Preliminary

Statement" where it lies and note only that, in deciding Cox's pending sanctions motion under Rules 37(c)(1) and 26(g)(3), the Court will apply the governing legal standards, to which the Court now turns.

## Legal Standards

As to initial disclosures, Federal Rule of Civil Procedure 26(a)(1) states, in relevant part:

(a) Required Disclosures.
    (1) Initial Disclosure.
    (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
        (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
        (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
        (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
        (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.
    ....
        (C) Time for Initial Disclosures – In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order,

or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

....

(E) Basis for Initial Disclosure; Unacceptable Excuses. A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

FED. R. CIV. P. 26(a)(1).

Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure ... is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764-X, 2023 WL 348963, at *10 (N.D. Tex. Jan. 20, 2023).

Under Rule 26(e)(1), "[s]upplementation or correction must be done 'in a timely manner' upon learning that the initial disclosure is incomplete or incorrect." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up). "Generally, supplementation 'should be made at appropriate intervals during the discovery period, and with special promptness as

the trial date approaches.' Rule 26 advisory committee's note (1993)." *Id.* at *3 (cleaned up).

Courts "have cautioned that problems can arise when they allow supplementation too close to the date of trial." *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, No. 3:14-cv-1028-D, 2017 WL 784766, at *2 (N.D. Tex. Feb. 28, 2017). But, even in advance of a trial setting, "[w]hile courts have occasionally held that supplemental disclosures made at or past the discovery deadline are timely, that is generally only when the producing party has shown that it produced the information promptly after learning of it." *Id.* at *3 (cleaned up). That is, while, under Rule 26(e)(1), "the rules governing discovery impose a duty to supplement disclosures and responses that continues beyond the discovery closing date," the responding or answering party must do so "in a timely manner after receiving" the information or materials requiring supplementation or correction. *Aikens v. Cent. Oregon Truck Co., Inc.*, No. 4:20-CV-00567, 2021 WL 4312712, at *4 (E.D. Tex. Sept. 22, 2021) (cleaned up).

A "party is subject to sanctions under [Federal Rule of Civil Procedure] 37(c)(1) if the 'party fails to provide information or identify a witness as required by Rule 26(a) or [26](e), ... unless the failure was substantially justified or is harmless.'" *Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016).

More specifically, "[i]f a party fails to provide information as required under Rule 26(a) or (e), he may not use that information or witness to 'supply evidence on

a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *BCC Merch. Sols., Inc. v. JetPay, LLC*, No. 3:12-cv-5185-B, 2016 WL 3264283, at *3 (N.D. Tex. Feb. 19, 2016) (quoting FED. R. CIV. P. 37(c)(1)).

And, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in [Federal Rule of Civil Procedure] 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1)(A)-(C). Those possible sanctions listed in Rule 37(b)(2)(A)(i)-(vi) "include the following:

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)   striking pleadings in whole or in part;
> (iv)    staying further proceedings until the order is obeyed;
> (v)     dismissing the action or proceeding in whole or in part; [or]
> (vi)    rendering a default judgment against the disobedient party...."

FED. R. CIV. P. 37(b)(2)(A)(i)-(vi).

"In addition, [Federal Rule of Civil Procedure] 26(g)(1) requires that '[e]very disclosure under Rule 26(a)(1) ... be signed by at least one attorney of record.' By signing, an attorney certifies that an initial disclosure is 'complete and correct' under the requirements of Rule 26(a)(1) 'to the best of the [attorney's] knowledge,

information, and belief formed after a reasonable inquiry.' FED. R. CIV. P. 26(g)(1).

'If a certification violates [Rule 26(g)] without substantial justification, the court ...

must impose an appropriate sanction on the signer, the party on whose behalf the

signer was acting, or both.' FED. R. CIV. P. 26(g)(3).'" *Olivarez*, 844 F.3d at 203.

More specifically, Rule 26(g) provides:

> (g) Signing Disclosures and Discovery Requests, Responses, and
> Objections.
>> (1) Signature Required; Effect of Signature. Every disclosure
>> under Rule 26(a)(1) ... must be signed by at least one attorney of
>> record in the attorney's own name – or by the party personally,
>> if unrepresented – and must state the signer's address, e-mail
>> address, and telephone number. By signing, an attorney or party
>> certifies that to the best of the person's knowledge, information,
>> and belief formed after a reasonable inquiry:
>>> (A) with respect to a disclosure, it is complete and
>>> correct as of the time it is made....
>> ....
>> (3) Sanction for Improper Certification. If a certification violates
>> this rule without substantial justification, the court, on motion
>> or on its own, must impose an appropriate sanction on the
>> signer, the party on whose behalf the signer was acting, or both.
>> The sanction may include an order to pay the reasonable
>> expenses, including attorney's fees, caused by the violation.

FED. R. CIV. P. 26(g)(1), 26(g)(3).

"Where Rule 26(g)(3) requires the Court to impose an appropriate sanction,

[t]he nature of the sanction is a matter of judicial discretion to be exercised in light

of the particular circumstances. Although Rule 26(g)(3) sanctions are mandatory,

Rule 26(g)(3)'s mandate ... extends only to whether a court must impose sanctions,

not to which sanction it must impose." *Heller v. City of Dallas*, 303 F.R.D. 466, 477

(N.D. Tex. 2014) (cleaned up).

"Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure [obligation]." *Olivarez*, 844 F.3d at 205 (cleaned up). "The attorney's decision to refrain from disclosing the information must have had a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

As applied in this context, "substantially justified" means "'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.' 'Substantial justification' entails a 'reasonable basis in both law and fact,' such that 'there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action].'" *Heller*, 303 F.R.D. at 477 (quoting *Pierce*, 487 U.S. at 565; cleaned up).

And, in evaluating whether a violation of Rule 26(a) is harmless,

> [t]he Court looks to four factors in deciding whether to exercise its discretion: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Fracalossi v. MoneyGram Pension Plan*, No. 3:17-cv-336-X, 2021 WL 5505604, at *13 (N.D. Tex. Nov. 24, 2021) (cleaned up).

"The court considers the four-factor test holistically. It does not mechanically

count the number of factors that favor each side." *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 757 (N.D. Tex. 2021) (cleaned up). "[T]he exclusion of evidence is a harsh penalty and should be used sparingly." *Id.* at 758 (cleaned up).

But the disclosing party bears the burden of proving that the failure to timely disclose was substantially justified or harmless. *See Lopez v. Fun Eats and Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021).

## Analysis

### I.    Everest's initial disclosures under Rule 26(a)(1)(A)(i)

In its initial disclosures, under Rule 26(a)(1)(A)(i), Everest listed 46 named individuals or categories of individuals as "individuals likely to have discoverable information that Everest may use to support its claims or defenses." Dkt. No. 146-2 at 1-17. Specifically, Everest listed:

> 1. Current and former employees and/or representatives of Everest, including Mike Carr, Richard Covington, Dennis Fitzpatrick, Hilary Killian, Jessica Mann, Linda Robins, Anthony Romano;
> 2. Bradley Cox;
> 3. Current and former employees and/or representatives of Cox Oil, LLC;
> 4. Current and former employees and/or representatives of Cox Investment Partners, LP;
> 5. Current and former employees and/or representatives of McGriff Insurance Services Inc., including Ashley Koletar and Jaimie Morrison;
> 6. Current and former employees and/or representatives of Cox Oil Offshore, L.L.C.;
> 7. Current and former employees and/or representatives of Energy XXI GOM, LLC;
> 8. Current and former employees and/or representatives of EPL Oil & Gas, Inc.;

9. Current and former employees and/or representatives of M21K, LLC;

10. Current and former employees and/or representatives of MLCJR LLC;

11. Current and former employees and/or representatives of Cox Operating, L.L.C.;

12. Current and former employees and/or representatives of Flint River VPP II, LLC;

13. Current and former employees and/or representatives of EP Northern Investments, LLC;

14. Current and former employees and/or representatives of Argonaut Insurance Company, including Kjel Brothen;

15. Current and former employees and/or representatives of Aspen American Insurance Company, including Eric S. Feight, Esq.;

16. Current and former employees and/or representatives of Liberty Mutual Insurance Company, including Nina Durante, Esq. Bryn Evans and Todd Tschantz;

17. Current and former employees and/or representatives of Westchester Fire Insurance Company, including Mollie Sarver, Kyle F. Bambule, Jim Schwichtenberg;

18. Current and former employees and/or representatives of Berkley Insurance Company, including Jason T. Kilpatrick and Randy Calhoun;

19. Current and former employees and/or representatives of Philadelphia Indemnity Insurance Company, including Gregory L. Aumann, Maria D. Zuniga, Esq.;

20. Current and former employees and/or representatives of Nationwide Mutual Insurance Company, including Dan Carlson and Monica Gilmore;

21. Current and former employees and/or representatives of Travelers Casualty and Surety of America, including Andrew McPhaul;

22. Current and former employees and/or representatives of Markel Insurance Company, including Lindey Jennings;

23. Current and former employees and/or representatives of RLI Insurance Company;

24. Current and former employees and/or representatives of Exxon Mobil Corporation, including Timothy J. Brinkley, Esq. and Keith Matocha, Esq.;

25. Current and former employees and/or representatives of Mobil Oil Exploration & Producing Southeast, Inc., including

Timonthy J. Brinkley, Esq.;

26. Current and former employees and/or representatives of ExxonMobil Pipeline Company, including Harry Jake;

27. Current and former employees and/or representatives of Mobil Oil Eugene Island Pipeline Company, including Harry Jake;

28. Current and former employees and/or representatives of EGC;

29. Current and former employees and/or representatives of Noble Energy, Inc.;

30. Current and former employees and/or representatives of Chevron U.S.A. Inc., including Joe Gordon and Ms. Erin Englert;

31. Current and former employees and/or representatives of BP Energy Company, including Alex DeRossi, Flynn Milam;

32. Current and former employees and/or representatives of Atlantic Richfield Company, including Amy Birdwell;

33. Current and former employees and/or representatives of Conoco Inc., including Todd Adam;

34. Current and former employees and/or representatives of Online Resources, L.L.C., including Lui Banos, JR;

35. Current and former employees and/or representatives of J.M. Huber Corporation, including Natalie Anderson, Claudia Vaz De Lestapis and Cynthia Nicholson;

36. Current and former employees and/or representatives of OXY US Inc., including Ronald Washington;

37. Current and former employees and/or representatives of Tenneco Oil Company, including Rick Sellers;

38. Current and former employees and/or representatives of Four Star Oil & Gas Company, including Joe Gordon and Ms. Erin Englert;

39. Current and former employees and/or representatives of TOC-Gulf of Mexico Inc., including Joe Gordon and Ms. Erin Englert;

40. Current and former employees and/or representatives of Texaco Exploration and Production Inc., including Joe Gordon and Ms. Erin Englert;

41. Any persons identified by any other party in their Disclosures.

42. Any person identified during the course of discovery.

43. Any person identified in any document produced by any party in this matter.

44. Any witness necessary for rebuttal.

45. Any expert witness identified pursuant to Rule 26.

46. Any person necessary to lay foundation or authenticate documents.

Cox asserts that the Court should preclude Everest from using 10 other individuals "to supply evidence on a motion, at a hearing, or at a trial" because they were not included in Everest's initial disclosures. Cox specifically point to the following:

> 1. Anthony Manganiello of Everest Reinsurance;
> 2. Everest Reinsurance's attorneys Patrick Hustead, Connor Cantrell, Jacob Jones, Reed Loftis, Michael Hupf, Cole Mason, or Darren Grzyb;
> 3. Jennifer Hayes, Cristian McCreary, Alissa Siron, or Cindy Tucker or any other employee of the law firms of the Hustead Law Firm, Bracket & Ellis, PC, or Chiesa Shahinian & Giantomasi PC (i.e., the law firms at which one or more of the above-referenced attorneys for Everest Reinsurance are associated);
> 4. Kyle Watson, Caleb Bates and Justin Shuff of Exxon Mobil Corp.;
> 5. Otho Barnes or Stephen Dessauer of United States Department of the Interior, Bureau of Safety and Environmental Enforcement
> 6. Jennifer Johnson and Aimee Deady of Arena Energy, LLC;
> 7. Brenden Garfield of Newfield Exploration Company;
> 8. Valerie Land of W&T Offshore, Inc.;
> 9. Paul Rodriguez of Walter Oil & Gas Corporation; or
> 10. Malcolm Sonnier or Ryan G. Schneider of Chevron U.S.A. Inc.

And, in reply, Cox notes that, "[w]ith respect to the matters required to be disclosed under Rule 26(a)(1)(A)(i), Everest provided the following information in its initial disclosures of November 15, 2024: "1. Current and former employees and/or representatives of Everest, including Mike Carr, Richard Covington, Dennis Fitzpatrick, Hilary Killian, Jessica Mann, Linda Robins, Anthony Romano." But,

Cox contends, "[a]t no point did Everest Reinsurance ever identify any of the following persons as 'individuals likely to have discoverable information,' (i.e., provide the information required to be disclosed by Rule 26(a)(1)(A)(i) with respect to such persons): 1. Anthony Manganiello, a Vice President of Everest Reinsurance; or 2. Everest Reinsurance's attorneys Patrick Hustead, Connor Cantrell, Jacob Jones, Reed Loftis, Michael Hupf, Cole Mason, or Darren Grzyb." Dkt. No. 149 at 1-2 (footnotes omitted).

Everest points to *Jones v. RealPage, Inc.*, No. 3:19-cv-2087-B, 2020 WL 6149969 (N.D. Tex. Oct. 19, 2020), and argues that Rule 26(a)(1)(A)(i) does not require "the disclosure of the names of the specific corporate witnesses," and, so, for instance, Everest's listing (as "including") the names of some "Current and former employees and/or representatives of Everest" does not preclude its use of others through this disclosure.

But the exception on which Everest relies does not go so far.

The Court in *Jones* noted that courts "have concluded that listing 'corporate representatives,' or something similar, in initial disclosures can be sufficient to comply with Rule 26(a)" and that, failing to list a company does not justify excluding "the testimony of individuals who will testify on behalf of corporate entities." *Id.* at *3.

As another judge in this district has explained, "[c]ourts have established that when a disclosing party means to disclose a corporate person and not a natural

person, then disclosing an unnamed corporate representative of that entity meets Rule 26(a)'s requirement in narrow circumstances," but "this is not a blanket end-run around Rule 26(a)" and "is only permissible when the disclosing party (1) d[oes] not know who within [the entity] ... would be well-positioned and available to testify, (2) the information is corporate, and (3) the disclosure still put[s] [the nondisclosing party] on notice as to the source of the testimony [the disclosing party] intended to elicit and the subject matter of that testimony." *Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*, No. 2:23-cv-155-Z, 2025 WL 2053286, at *4 (N.D. Tex. July 21, 2025) (cleaned up).

Under those parameters, "if a particular corporate person has discoverable information – that any corporate representative could supply – then the disclosing party has provided a 'name' for that corporate person by listing it and disclosing a 'corporate representative' for that entity." *Id.*

But disclosing "current and former employees" of dozens of companies does not fit within that exception and "is little more than a placeholder for all individuals who worked for or represented those entities," where "far fewer individuals are authorized to speak as an entity's representative than every current or former employee of that entity." *Id.* at *5.

And, so, disclosing the "representative" of each named entity may adequately disclose a witness who will appear only as the company's corporate representative to testify for that company. But "naming all persons ever associated with those

entities" as "current and former employees" does not comply with Rule 26(a)(1)(A)(i)'s requirement to disclose "the name … of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *Id.*

It's unclear why Cox believes the individuals that he lists as 3 through 10 in his motion are possible witnesses that Everest may use. In any event, Everest did not identify those individuals in its initial disclosures under Rule 26(a)(1)(A)(i).

But, in reply, he again specifically presses for exclusion of "1. Anthony Manganiello, a Vice President of Everest Reinsurance; or 2. Everest Reinsurance's attorneys Patrick Hustead, Connor Cantrell, Jacob Jones, Reed Loftis, Michael Hupf, Cole Mason, or Darren Grzyb."

And the reason for Cox's pointing to these individuals again in reply seems clear: Everest knows how to disclose its own witnesses and corporate representatives, and it did not list these individuals but did list others.

And Everest narrowed its disclosure of its own current or former employees by explaining that the listed "individuals are involved in Everest's claim-handling department and, as such, may have [certain] discoverable information." Dkt. No. 136-1 at 1-2. But that excludes treating the disclosure of "Current and former employees and/or representatives of Everest" as disclosing corporate representatives of Everest more broadly or as sufficiently disclosing employees or representatives outside of "Everest's claim-handling department."

-18-

And, so, the Court finds that failing to list the other individuals violated Rule 26(a)(1)(A)(i) unless it was harmless or substantially justified.

The case law laid out above excludes the latter. Everest's reliance on *Jones* and the exception that it adopts does not, even by its own terms, reasonably extend to these circumstances.

But Everest argued that, "even if the disclosures were not sufficient, the insufficiency is" harmless, where "Cox did not initiate any discovery to ascertain the scope of the corporate representative's knowledge, nor did he inquire into which representatives had knowledge," and where "Cox was on notice of potential witnesses," and, so, "[h]is failure to engage in discovery indicates that his harm, if any, is a result of his own inaction." Dkt. No. 145 at 9.

But Rule 26(a)(1)(A)(i) requires disclosure "without awaiting a discovery request."

And the Court cannot accept an argument that Everest may use as fact witnesses any of its former or current employee, whether disclosed or not, because Cox is generally on notice that some unnamed former or current employees might have discoverable information that Everest may use to support its claims. And, under Rule 26(a)(1)'s explicit terms, the Court will not find harmlessness on the basis that Cox was required to serve discovery requests to force Everest to identify them.

The Court finds that the appropriate remedy under Rule 37(c)(1) here is to

exclude Everest from using as witnesses to supply evidence on a motion, at a hearing, or at a trial – other than as designated corporate representatives of Exxon Mobil Corp. or Chevron U.S.A. Inc. (which were listed in the initial disclosures) – any the following individuals:

> 1. Anthony Manganiello of Everest Reinsurance;
> 2. Everest Reinsurance's attorneys Patrick Hustead, Connor Cantrell, Jacob Jones, Reed Loftis, Michael Hupf, Cole Mason, or Darren Grzyb;
> 3. Jennifer Hayes, Cristian McCreary, Alissa Siron, or Cindy Tucker or any other employee of the law firms of the Hustead Law Firm, Bracket & Ellis, PC, or Chiesa Shahinian & Giantomasi PC (i.e., the law firms at which one or more of the above-referenced attorneys for Everest Reinsurance are associated);
> 4. Kyle Watson, Caleb Bates and Justin Shuff of Exxon Mobil Corp.;
> 5. Otho Barnes or Stephen Dessauer of United States Department of the Interior, Bureau of Safety and Environmental Enforcement
> 6. Jennifer Johnson and Aimee Deady of Arena Energy, LLC;
> 7. Brenden Garfield of Newfield Exploration Company;
> 8. Valerie Land of W&T Offshore, Inc.;
> 9. Paul Rodriguez of Walter Oil & Gas Corporation; or
> 10. Malcolm Sonnier or Ryan G. Schneider of Chevron U.S.A. Inc.

And, insofar as these failures to disclose also amount to a Rule 26(g)(1) violation, the Court determines that this same sanction of exclusion is also the appropriate Rule 26(g)(3) sanction.

II.    <u>Everest's Initial Disclosures under Rule 26(a)(1)(A)(ii)</u>

In its initial disclosures, under Rule 26(a)(1)(A)(ii), Everest disclosed, as "documents in its possession, custody, or control that it may use to support its claims or defenses," "the following documents, which can be accessed at https://thlf.sharefile.com/d-s8335f3168a4b4e448d79c2e55c05946d": "1.    Bond

-20-

Documents [EVEREST 1-580]; 2. GIA Documents [EVEREST 581-590]; 3. Correspondence [EVEREST 591-1543]; 4. Claim Documents [EVEREST 1544-1585]." Dkt. No. 146-2 at 17.

"Rule 26(a)(1)(A)(ii) does not require a party to produce documents; the disclosing party has the option of producing a 'copy' of the identified documents or providing a 'description by category and location' of those documents." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 589 (N.D. Tex. 2018).

Everest chose to produce the documents. Cox alleges that Everest violated Rule 26(a)(1)(A)(ii) and Rule 26(e)(1) because, "[o]n Thursday, March 20, 2025, Everest Reinsurance's counsel, Jacob Jones, sent an email to [Cox's counsel] through which Mr. Jones provided an entirely new hyperlink through which Everest Reinsurance first disclosed 199.3 MB of 1,561 pages of documents," such that Everest "disclosed only 15 pages of 'documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses,' with respect to matters described in Rule 26(a)(1)(A)(i)" "[a]long with its initial disclosures on the Court-ordered deadline for disclosing such information on November 15, 2024, and [b]efore the expiration of the Court-ordered deadline for the completion of discovery on March 12, 2025." Dkt. No. 135 at 10 (cleaned up).

Cox asserts that Everest "and its counsel disclosed an additional 1,561 pages of documents: Four (4) months after such Court-ordered deadline for disclosing such

information; Eight (8) days after such Court-ordered deadline for the completion of discovery; Twenty (20) days before the deadline for filing motions for summary judgment; and Four and a half (4.5) months before the August 4, 2025, trial setting." *Id.* (cleaned up).

But, as Everest points out, its initial disclosures catalogued by bates numbers 1585 pages of documents. Everest represents that it "attempted to disclose all of these materials to Cox on November 15, 2024" and that, "[a]s soon as Cox's counsel asserted to Everest that he had not received all of Everest's initial disclosures, Everest immediately remedied the situation and resent a new, unexpired link with the initial disclosure documents." Dkt. No. 145 at 7.

The alleged violation of Rules 26(a)(1)(A)(ii), 26(e)(1), and 26(g)(1) is, on this record, substantially justified, and the Court denies the motion under Rules 37(c)(1) and 26(g)(3) on this ground.

III.     Everest's Initial Disclosures under Rule 26(a)(1)(A)(iii)

In its initial disclosures, under Rule 26(a)(1)(A)(iii), Everest disclosed as its "DESCRIPTION AND COMPUTATION OF DAMAGES" that "Everest is claiming the following damages through November 15, 2024:

  Attorneys' Fees: $ 21,812.50
  Costs: $ 1,512.72
  Bond Payments: $ 336,382.00
  GRAND TOTAL: $ 359,707.00"

Dkt. No. 146-2 at 18. And Everest disclosed that it "further requests that

Defendants post collateral in the amount of $38,907,000.00"; that "Everest's damages are ongoing and will be supplemented as appropriate"; that "Everest also seeks pre- and post-judgment interest on all damages at the highest rate allowed by law"; that "[t]he foregoing disclosures have been made by Everest based upon information now known and reasonably available"; and that "Everest acknowledges their continuing duty to supplement these disclosures as new information within the scope of these disclosures becomes available." *Id.*

Cox argues that, in these disclosures, Everest provided only "skeletal information" and "did not 'make available for inspection and copying as under Rule 34 the documents or other evidentiary materials on which each computation is based, including materials bearing on the nature and extent of injuries suffered,' along with in its initial disclosures of November 15, 2024, or at any point thereafter through the date of this motion, as required by" Rule 26(a)(1)(A)(iii). Dkt. No. 135 at 7-8.

According to Cox, Everest "made 0 pages of 'documents or other evidentiary materials on which each computation' of each category of damages Everest Reinsurance claimed in its initial disclosures 'available for inspection and copying as under Rule 34,' as required by Rule 26(a)(1)(A)(iii)" "[o]n the Court-ordered deadline for disclosing such information on November 15, 2024," and, "[a]s of 162 days after the expiration of the Court-ordered deadline for the completion of discovery on March 12, 2025, Everest Reinsurance still has not made a single page

of 'documents or other evidentiary materials on which each computation' of each category of damages Everest Reinsurance claimed in its initial disclosures 'available for inspection and copying as under Rule 34,' as required by Rule 26(a)(1)(A)(iii)." Dkt. No. 135 at 10-11.

Everest responds that it "provided a calculation of its damages to Cox on November 15, [2024]"; that "Cox has not issued any discovery requests related to Everest's damages or damage calculation (or any other matter)"; that, "[t]hus, Everest complied with its initial obligations under Rule 26"; and that "[t]his is particularly true where, as is the case here, fees are ongoing and are typically addressed post-trial." Dkt. No. 145 at 10.

But Rule 26(a)(1)(A)(iii) requires that "a party must, without awaiting a discovery request, provide ... a computation of each category of damages ... [and] the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." *Shelby v. Boxer Prop. Mgmt. Corp.*, No. 4:16-CV-1549, 2019 WL 8017865, at *7 (S.D. Tex. Sept. 13, 2019) (quoting FED. R. CIV. P. 26(a)(1)(A)(iii)). "A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. This obligation applies only with respect to documents then reasonably available to it and not privileged or protected as work product." FED. R. CIV. P. 26 advisory committee's note to 1993 amendment

-24-

(emphasis added).

And, so, Cox was not required to serve discovery responses to trigger this disclosure obligation. Neither does Everest contend that documents on which its damages calculations are based have not been "reasonably available to it" or are not in its possession, custody, or control.

Everest does contend that its attorneys' fees and costs are "ongoing" and "ever-increasing." And Everest opines that "Cox's gripe with Everest's disclosures is that it has not contemporaneously updated its calculation as it incurred attorney's fees and costs" but observes that "Cox does not cite any case to support his proposition that a party is required to continually supplement its disclosures with attorney's fees and costs."

But Rule 26(e)(1) does just that, and Rule 26(a)(1)(A)(iii) itself (and without more) requires production of "documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based."

Everest undisputedly has failed to comply with those obligations.

But Everest does contend that any nondisclosure is harmless, and, under the circumstances, the Court agrees.

The Court is not so sure about Everest's confidence that, under Federal Rule of Civil Procedure 54(d)(2), its damages in the form of attorneys' fees and costs will certainly be handled entirely post-trial. But that is a matter for Judge Starr to decide at some point. And, even if Everest is correct under Rule 54(d)(2) in this case,

the discovery period for all matters has come and gone.

But, as Everest persuasively explains, "[t]he damage evidence that Cox seeks to preclude is highly relevant as it serves as a critical basis to Everest's ability to recover"; "Cox will not be prejudiced by the nondisclosure because there is no trial setting, meaning that Cox will have ample time to review any materials related to Everest's damages"; and, as to any prejudice to Cox, "the August 2025 trial setting was vacated and no trial date has been set," such that "Cox will have ample time to review the materials before the next trial setting." Dkt. No. 145 at 11-12.

But that's true only if Everest now complies fully with Rule 26(a)(1)(A)(iii), which the Court orders it to do by **Monday, January 12, 2026**. The Court otherwise denies Cox's motion under Rule 37(c)(1) and Rule 26(g)(3).

IV.    <u>Everest's failure to disclose documents used to response to motion to dismiss.</u>

Cox argues that, in responding to the "factual attacks" in Cox's motion to dismiss [Dkt. No. 121], Everest relied primarily on documents that it had been willfully concealing and had not disclosed under Rule 26(a)(1)(A)(ii) in it is initial disclosures. Cox insists that the admittedly previously-undisclosed bond claim materials are necessarily documents that Everest had "in its possession, custody, or control and may use to support its claims" and, so, are subject to disclosure under Rule 26(a)(1)(ii).

Everest responds that the undisclosed documents that it attached to its response to Cox's motion to dismiss are not documents that it "may use to support

its claims or defenses" and so are not subject to disclosure.

Everest asserts that "[e]vidence of bond claims is not necessary for Everest to succeed on its claims"; that "Everest was/is entitled to relief under the agreement of indemnity for its losses regardless of whether Everest received bond claims"; and that, "[t]hus, these exhibits were not subject to compulsory disclosure." Dkt. No. 145 at 13.

Everest contends that "Cox seeks to preclude the use of materials in the appendix to Everest's Response to Cox's Motion to Dismiss, yet the only reason that Everest was required to utilize the materials was to refute Cox's Motion to Dismiss after Cox refused to respond to discovery requests concerning the ownership structure of Cox's related oil companies." *Id.* at 3-4.

Rule 26(a)(1)(A)(ii) by its own terms only requires disclosure of document that Everest may use to support its claims. Defending against a motion to dismiss for lack of subject-matter jurisdiction, which was filed late in the case, is not the same as supporting Everest's affirmative claims.

And Everest appears quite confident that it will not rely on these undisclosed materials to affirmatively support its claims at trial or on summary judgment. Of course, should it do so, Cox may be entitled to renew a motion to exclude under Rule 37(c)(1).

But, for now, there is no basis here for sanctions under Rule 37(c)(1) or Rule 26(g)(3) on these grounds.

-27-

V.    Disclosure of expert witnesses under Rule 26(a)(2)

Cox appears to complain that Everest never disclosed any expert witness under Rule 26(a)(2).

But Everest does not dispute that and, in fact, has not filed any expert witness disclosures.

This provides no basis for any sanctions under Rules 37(c)(1) and 26(g)(3).

VI.    Award of expenses

Under Rule 37(c)(1)(A) and Rule 26(g)(3), an award of reasonable expenses, including attorneys' fees, is permitted but not mandatory. *See* FED. R. CIV. P. 26(g)(3) ("If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."); FED. R. CIV. P. 37(c)(1)(A) (providing that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless" and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure").

The Court determines in its discretion that, under the circumstances

presented here, an award of the reasonable expenses, including attorneys' fees, caused by the failures to comply with Rule 26(a)(1) are not warranted under either Rule 37(c)(1)(A) and Rule 26(g)(3).

The sanctions imposed above as to Everest's use of any undisclosed witnesses are, the Court finds the appropriate sanctions for the violations that Cox has shown. *Accord Richard v. Hosp. Housekeeping Sys., GP, L.L.C.*, No. CIV.A. 09-6788, 2010 WL 4668438, at *2 (E.D. La. Nov. 4, 2010). Having imposed the more serious sanction for Everest's breach of its disclosure obligations, the Court declines to compound the sanction by adding an award of expenses.

## Conclusion

For the reasons and to the extent explained above, the Court grants in part and denies in part Defendant Bradley Cox's Opposed Motion to Exclude Undisclosed Documents and Testimony of Undisclosed Witnesses [Dkt. No. 134].

SO ORDERED.

DATED: December 22, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE