UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVEREST REINSURANCE COMPANY, *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:24-CV-0756-X |
| BRADLEY COX, COX OIL LLC, and COX INVESTMENT PARTNERS LP, *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Bradley Cox's motion to vacate or extend time. (Doc. 208). The Court **GRANTS** this motion, **VACATES** its prior order setting response and reply deadlines (Doc. 207), and sets the following new deadlines: Cox **SHALL** respond by no later than 5:00 pm on October 23, 2026, and Everest may reply by no later than 5:00 pm on October 30, 2026.

Everest argues that handling the contempt motion on an expedited basis is appropriate here.[1] The Court agrees. The Court ordered Cox to "post collateral equivalent to Everest's reserves of $27,800,000 to the account designated by Everest within 3 days of this Order." (Doc. 204). More than three days have passed since Everest designated its account, but Cox has not posted collateral.[2] So Cox has not

---

[1] Cox represents that he plans to file a motion to strike Everest's contempt motion based on local rules violation. *See* Doc. 208 at 3 n.1. The Court will not strike Everest's contempt motion for a local rules violation here. Everest did not need to confer with Cox because Cox would obviously oppose the contempt motion. *See* L.R. 7.1(h). And the Court will not strike a motion for a party's failure to submit a proposed order or file a separate brief (where required).

[2] *See* Doc. 206 at 1.

complied with the Court's Order (consistent with his delays throughout this case).

Nevertheless, a short time extension is proper. Gathering documentary evidence, preparing declarations, and writing responses takes time,[3] and no final, appealable judgment is in place.[4] If imposed, civil contempt can be a severe remedy.[5] So in its discretion, the Court **GRANTS** Cox's extension request to give him additional time to prepare his response.

**IT IS SO ORDERED** this 15th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[3] *See* Doc. 208 at 8.

[4] Everest could have made the Court's judgment final and appealable the day the Court issued its summary judgment Order, but it chose not to do so. *See* Docs. 203 at 7; 204 at 2.

[5] *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994); *see also Nat'l Labor Relations Bd. v. LM Carpet Cleaning Resurfacing & Power Washing*, No. 3:22-CV-0079-X, 2025 WL 910485, at *1 (N.D. Tex. Mar. 25, 2025).