UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVEREST REINSURANCE COMPANY, *Plaintiff*, v. BRADLEY COX et al., *Defendants*. | § § § § § § § § § § | Civil Action No. 3:24-CV-0756-X |

**MEMORANDUM OPINION AND FINAL JUDGMENT**

Before the Court is Plaintiff Everest Reinsurance Company's (Everest) motion for default judgment. (Doc. 215). After reviewing the motion, the briefing, and the applicable law, the Court **GRANTS** the motion as to Everest's breach of contract claim and **ORDERS** specific performance from Defendants Cox Oil LLC and Cox Investment Partners LP (the Cox Companies).[1] The Court **DISMISSES WITHOUT PREJUDICE** Everest's remaining claims at its request.[2]

## I. Background

George Orwell wrote that "[t]he great enemy of clear language is insincerity. When there is a gap between one's real and one's declared aims, one turns, as it were, instinctively to long words and exhausted idioms, like a cuttlefish squirting out ink."[3] This quote accurately encapsulates the Cox Companies' responses to Everest's motion

[1] The Court also **DENIES** the Cox Companies' motions to strike within their default response briefing. *See* Docs. 229 at 13; 231 at 13.

[2] *See* Doc. 216 at 15 n.4.

[3] George Orwell, *Politics and the English Language* (1946).

for default. After nearly three years of sitting on the sidelines, the Cox Companies only now decided to participate in the case. Nonsense. The Cox Companies' late participation here merely continues Bradley Cox and his attorney, Jack Jamison's, strategy throughout this case: delay, distract, and disrupt.

The Court has already granted summary judgment against Defendant Bradley Cox in Everest's favor. And the Cox Companies knew of the lawsuit long before their current Hail Mary attempt to avoid default. The defendant companies are both tied in some way to Bradley Cox and Cox has previously even held himself out as the chairman of Cox Oil. They have no excuse.

As far as the Court can tell from the Cox Companies' inkblot briefing (which almost certainly used AI without the disclosure Local Rule 7.2(f) requires), these defendants raise two arguments. First, that Everest did not properly plead the citizenship of either entity. Second, that Everest failed to properly serve either defendant by failing to serve the complaint with the summons.

Everest filed sworn proof of service documents for its amended complaint as to the Cox Companies on the docket on June 10, 2024—one of which expressly says "served . . . complaint and jury demand" at the bottom.[4] And Everest's motion for default judgment notes that it served both defendants and includes a sworn affidavit. The Cox Companies' briefing, on the other hand, contains selective screenshots of the proof of service documents and has no sworn affidavit.

[4] *See* Doc. 19.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[5]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[6] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default

---

[5] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well-pled when "all elements of [a] cause of action are present by implication"); *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[6] *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[7] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[8]

## III. Application

The Court deems the facts on liability to be admitted and finds that the Cox Companies are neither incompetent nor minors. Everest's motion for default judgment is supported by an affidavit. And while Rule 55 allows for hearings, it does not command them. So a ruling without a hearing is proper.

### A. Default judgment is procedurally appropriate.

The Court now turns to the six *Lindsey* factors.[9] First, the parties do not dispute any material facts. For nearly three years, Cox Oil and Cox Investment Partners have failed to defend the action, and they only now challenge Everest's citizenship pleading and service. Neither ground raises a dispute of material fact.

In challenging Everest's jurisdictional pleadings, the Cox Companies do not argue that no diversity of citizenship exists—they only argue that Everest pled the companies' citizenship imprecisely. While Everest may have erred in trying to untangle the complicated Cox family business structure shell game before discovery, this error does not destroy the Court's diversity jurisdiction.[10] The Cox Companies

---

[7] *See id.*

[8] *See Nishimatsu Constr. Co., Ltd. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[9] *See Lindsey*, 161 F.3d at 893.

[10] *See* Doc. 148 ("As the response from Everest makes clear, discovery in this case shows that Cox Investment LP and Cox Oil LLC are citizens of Texas for purposes of diversity. Accordingly, the Court has jurisdiction.").

do not dispute that they are Texas citizens or that Everest is New Jersey and Delaware citizen.[11] So the Court has jurisdiction over this case.

Additionally, the Cox Companies' service argument fails to raise a dispute of material fact because, unlike Everest, they do not provide sworn evidence in support (presumably to avoid perjury).[12] Everest filed sworn proof of service documents for its amended complaint on June 10, 2024.[13] One of those documents says "served . . . complaint and jury demand" at the bottom.[14] And Everest's motion for default notes that it served both defendants and includes a sworn affidavit.[15] Meanwhile, the Cox Companies' briefing only contains selective screenshots of the proof of service documents and does not include a sworn affidavit.[16] Given that one party presents sworn evidence and the other does not, no material fact dispute exists as to service.[17]

Second, the Cox Companies' failure to defend the action brought adversarial proceedings to a halt and has prejudiced Everest, considering it has no other means of obtaining relief against these defendants who have failed to participate in this litigation for almost three years now.[18]

---

[11] *See* Docs. 17 at 2–3; 229 at 8–11; 231 at 8–11.

[12] *See* Docs. 229; 231.

[13] Docs. 19; 20.

[14] Doc. 19.

[15] *See* Docs. 216 at 5 (citing Docs. 19; 20); 217-21 at 1–2 (affidavit of Connor L. Cantrell).

[16] *See* Docs. 229 at 11–16; 231 at 11–16.

[17] *See Gravitas Search Partners LLC v. Deutsch*, No. 24-CV-02683, 2026 WL 2719649, at *4 (S.D.N.Y. Sept. 15, 2026) (reasoning in the Rule 12(b)(5) context that "defendant's unsupported and uncorroborated statement [was] insufficient to overcome the sworn affidavit relied upon by plaintiff").

[18] *See* Doc. 203 at 7 (ordering Everest to dismiss or file a default motion against the Cox Companies to make the judgment final).

Third, the Cox Companies' ongoing failure to respond or participate in this litigation beyond filing a response to the default motion clearly establishes grounds for the default, and the Clerk entered default in July 2024.[19]

Fourth, the Cox Companies have not offered any evidence that they acted under a good faith mistake or excusable neglect. Their last-ditch response continues Bradley Cox and Jack Jamison's pattern of delay tactics throughout this litigation.[20]

Fifth, nothing suggests that it would be too harsh to enter default judgment against the Cox Companies, who received ample notice of the action, had sufficient time to respond, and would face an award of the same relief the Court has already granted against their co-defendant under the indemnity agreement they all signed.[21]

Sixth, the Court would not grant a motion to set aside the default here because the Cox Companies' lack of defense means the Court lacks good cause to set aside the default. So the Court concludes that a default judgment is appropriate under these circumstances.

### B. The merits of Everest's claim against the Cox Companies suffice.

Next, the Court assesses the merits of Everest's claim against the Cox Companies. Although the Cox Companies, by virtue of their default, are deemed to have admitted Everest's well-pled allegations, the Court must nonetheless review the

---

[19] *See* Doc. 22. The Cox Companies did not file an answer, motion to dismiss, or anything else in this case until their default responses in Docs. 228 and 230. Indeed, this default Order is the last thing Everest needs to obtain a final judgment after winning on summary judgment.

[20] *See* Doc. 203 at 1 n.1 (providing examples of Cox's delay tactics and local rules violations).

[21] *See* Docs. 19; 20 (proof of service documents). Cox has even held himself out as the chairman of Cox Oil. *See* Doc. 113-21 at 1.

complaint to determine whether Everest established a viable claim for relief.[22] Everest seeks a default judgment only as to its breach of contract claim and specific performance request.[23]

Everest pleads a valid breach of contract claim against the Cox Companies. For breach of contract, a plaintiff must show (1) the existence of a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) resulting damages.[24] As with the motion for summary judgment, Everest meets all four elements.[25] A valid contract exists because Everest's complaint shows that the Cox Companies signed an indemnity agreement with Everest (as the Court also found in Everest's motion for summary judgment against Cox).[26] Everest performed because the agreement required Everest to issue certain bonds, and Everest issued those bonds.[27] The Cox Companies breached the agreement because they failed to collateralize Everest upon Everest's request.[28] And damages resulted because Everest provided evidence that it has suffered $375,382 in losses, that future losses are likely, and that it upped its reserves to $27,800,000 in anticipation of those future losses.[29] So based on these facts presented in the pleadings, Everest pled a valid breach of contract claim.

---

[22] *See Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206.

[23] Doc. 216 at 15 & n.4.

[24] *See Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.).

[25] *See* Docs. 203; 216.

[26] *See* Docs. 17-3 (agreement); 203 at 2; 216 at 13–14.

[27] *See* Docs. 17-2; 17-3; 203 at 5; 216 at 13.

[28] *See* Docs. 17 at 6–7; 143-6; 203 at 5–6; 216 at 13.

[29] *See* Docs. 17-2; 203 at 6; 216 at 14.

Next, Everest sufficiently showed entitlement to specific performance from the Cox Companies. Everest requests that the Cox Companies specifically perform by (1) posting collateral; and (2) making their books, records, and personnel available to Everest within fourteen days of the judgment.[30] The Court has already found that Everest substantially performed its contractual obligations, is willing and able to perform its remaining obligations, and has no adequate remedy at law.[31] Accordingly, the Court **GRANTS** both of Everest's specific performance requests as to the Cox Companies and **ORDERS** the Cox Companies to make their books, records, and personnel available to Everest and to post collateral.

Finally, the Court **DISMISSES WITHOUT PREJUDICE** Everest's unjust enrichment: equitable liens claim against all defendants because the Court granted Everest the relief it requested as to breach of contract and specific performance.[32]

## IV. Damages

Federal Rule of Civil Procedure 55(b)(2)(B) states that a court may conduct a hearing to enter or effectuate judgment when it needs to determine the amount of damages. "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing. That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation."[33] "Typically, liquidated

[30] *See* Doc. 216 at 15.

[31] *See* Docs. 17-2 at 1; 203 at 6; 216 at 14.

[32] *See* Doc. 216 at 15 n.4.

[33] *James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993).

damages are those either agreed upon by the parties in a contract or fixed by operation of law."[34] A sum that can be mathematically calculated is one that can be "computed with certainty by reference to the pleadings and supporting documents alone, rendering an evidentiary hearing unnecessary."[35]

Everest seeks $375,382 in losses already incurred and $27,800,000 in collateral to be posted.[36] Both of the Cox Companies signed the indemnity agreement that holds them jointly and severally liable with Bradley Cox.[37] The Court already found that "Everest provided evidence that it has suffered $375,382 in losses, that future losses are likely, and that it upped its reserves to $27,800,000 in anticipation of those future losses."[38] And the Cox Companies provide no evidence that Everest did not suffer these damages. So Everest can recover this sum without an evidentiary hearing.

Everest is also entitled to recover pre-judgment interest, post-judgment interest, and its court costs. "Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law."[39] New York law governs[40] pre-judgment interest and

---

[34] *Super 8 Motels, Inc. v. Kumar*, Civil Action No. 06-5231 (WHW), 2008 WL 878426, at *4 (D.N.J. Apr. 1, 2008) (cleaned up); *see, e.g., IBEW-NECA Sw. Health & Benefit Fund v. Heritage Specialties, Inc.*, No 3:01-cv-2099-L, 2003 WL 21673487, at *1 (N.D. Tex. July 15, 2003) (Lindsay, J.).

[35] *See James,* 6 F.3d 307 at 311 (cleaned up).

[36] *See* Docs. 143-2 at 1; 203 at 7; 216 at 14.

[37] *See* Docs. 17-2; 17-3; 203 at 6–7; 216 at 14–15.

[38] Doc. 203 at 6.

[39] *Bos. Old Colony Ins. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002).

[40] *See* Doc. 203 at 3 (concluding that New York law governs the agreement at issue).

allows pre-judgment interest to accrue at a rate of 9% per year.[41] Accrual begins "from the earliest ascertainable date the cause of action existed."[42] Accordingly, the Court imposes a pre-judgment interest rate of 9% from the date Everest's collateral request became overdue.

Next, federal law governs post-judgment interest.[43] Federal law allows Everest to recover post-judgment interest at a 4.39% rate from the date of this judgment.[44] Finally, federal law allows Everest to recover court costs.[45]

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** Everest's Motion for Default Judgment against Cox Oil and Cox Investment Partners and **ENTERS** this final judgment for Everest. The Court **ORDERS** that the Cox Companies and Bradley Cox are jointly and severally liable for all damages, collateral, interest, and costs.

The Court **AWARDS** Everest $375,382 in damages, plus pre-judgment interest at 9% from the date Everest's collateral request became overdue, post-judgment interest at 4.39% from the date of this judgment, and court costs. The Court

---

[41] N.Y. CIV. PRAC. L. & R. § 5004(a).

[42] *Id.* § 5001(b).

[43] *See* 28 U.S.C. § 1961(a). In its judgment against Defendant Bradley Cox, the Court awarded post-judgment interest under New York law. *See* Doc. 204 at 1. The Court corrects that judgment below.

[44] *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."). The 1-year average Treasury yield on November 19, 2026, was 4.39%. *See* Board of Governors of the Federal Reserve System, Selected Interest Rates (Daily) -H.15 (Nov. 23, 2026), https://www.federalreserve.gov/releases/h15.

[45] *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

**ORDERS** Cox, Cox Oil, and Cox Investment Partners to post collateral equivalent to Everest's reserves of $27,800,000 within three days of this Judgment to the account Everest designated for Bradley Cox on September 18, 2026.[46] The Court **FURTHER ORDERS** Cox, Cox Oil, and Cox Investment Partners to make their books, records, and personnel available to Everest within fourteen days of this Judgment. And the Court **DISMISSES WITHOUT PREJUDICE** Everest's unjust enrichment: equitable liens claim. This **FINAL JUDGMENT** supersedes the Court's judgment against Cox.[47]

**IT IS SO ORDERED** this 23rd day of November 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[46] *See* Doc. 206-2 at 3.

[47] But this final judgment does not render moot Everest's civil contempt motion regarding Bradley Cox's failure to post collateral under the prior judgment. *See* Docs. 204; 206. This is not the first time the Court has ordered Bradley Cox to post collateral, and its reiteration of its previous Order regarding collateral does not negate the effectiveness of the earlier Order.